UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WAYNE BROWN,

           **Plaintiff,**

    v.                             **Civil Action 2:24-cv-2163**
                                   **Judge James L. Graham**
                                   **Magistrate Judge Chelsey M. Vascura**

FRANKLIN COUNTY
COMMISIONERS, *et al.*,

             **Defendants.**


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Wayne Brown, an Ohio resident proceeding without the assistance of counsel, has attempted to commence a civil action arising out of several underlying state-court proceedings. This matter is before the Court on several matters.

**A.      Plaintiff's Motion for Recusal**

Plaintiff has filed a motion for the undersigned Magistrate Judge to recuse herself on grounds that she was not appointed by the president, that she ordered Plaintiff to either pay the filing fee necessary to commence this case or file a properly supported motion for leave to proceed *in forma pauperis*, and that she denied Plaintiff's request to amend his complaint in a previous case. (ECF No. 4.)

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper

grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56. Mere disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *See id.*; *Garver v. United States,* 846 F.2d 1029, 1031 (6th Cir. 1988).

Here, Plaintiff's Motion establishes only that he disagrees with the undersigned's rulings. Plaintiff has therefore not made any demonstration of bias or partiality sufficient to require recusal. Additionally, although the undersigned was not appointed by the president, presidential appointment is unnecessary for United States Magistrate Judges. Rather, the undersigned was duly appointed by the District Judges of the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 631. Accordingly, Plaintiff's motion for recusal (ECF No. 4) is **DENIED**.

## B.    Plaintiff's Failure to Prosecute

This matter is further before the undersigned for a Report and Recommendation on the Court's May 8, 2024 Order requiring Plaintiff to either (1) move for leave to proceed *in forma pauperis* by submitting a completed copy of this Court's Application/Motion to Proceed Without Prepayment of Fees (In Forma Pauperis) and Affidavit in Support Thereof, or (2) pay the $405.00 filing fee, within fourteen days. (ECF No. 3.) That Order expressly cautioned Plaintiff that "failure to comply with this Order and Notice of Deficiency will result in dismissal of this action for failure to prosecute." *Id.*

To date, Plaintiff has failed to comply with the Court's May 8, 2024 Order. He has neither paid the filing fee, nor filed a properly supported motion for leave to proceed *in forma pauperis*, nor requested an extension of time to do so. Under the circumstances presented here,

the undersigned recommends dismissal of Plaintiff's action under Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing him to pay the $405.00 filing fee or file a properly supported motion for leave to proceed *in forma pauperis*. (*See* ECF No. 3.) Moreover, the Court explicitly cautioned Plaintiff in the Order that failure to comply may result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) ("[p]rior notice, or the lack thereof, is . . . a key consideration" in whether

dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b) for failure to prosecute.

## C.      Disposition

For the foregoing reasons, Plaintiff's motion for recusal (ECF No. 4) is **DENIED**. It is further **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b) for failure to prosecute.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE