IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wayne Brown, a/k/a Wayne Lee
Brown-Bey

   Plaintiff,         Case No. 2:24-cv-2163
                  Judge James L. Graham
   v.              Magistrate Judge Chelsey M. Vascura

Franklin County Commissioners, *et al.*,

   Defendants.

<u>Opinion and Order</u>

   Plaintiff Wayne Brown, proceeding *pro se*, brings this action asserting that various state court proceedings to which he was a party have been mishandled. This matter is before the Court on two filings by plaintiff: (1) plaintiff's motion for the undersigned District Judge to recuse himself from this case, and (2) plaintiff's objection to the Magistrate Judge's Report and Recommendation in which she recommended that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

   As grounds for recusal, plaintiff argues that the undersigned denied him due process of the law by dismissing a prior case filed by plaintiff. *See Wayne Lee Brown-Bey v. Jeffrey Brown*, Case No. 2:19-cv-4392 (S.D. Ohio) (Graham, J.). The undersigned dismissed the prior case upon finding that plaintiff had failed to state a claim for fraud regarding a car loan he had taken out. Plaintiff alleged that he was not required to repay his car loan because he was of "Moorish American Nationality" and because the United States was an "insolvent foreign bankruptcy corporation."

   A district judge "shall" disqualify himself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they derive from "an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Mere disagreement about a court's ruling in a case is not a ground for

disqualification or recusal.  *See id.* at 555–56; *Garver v. United States*, 846 F.2d 1029, 1031 (6th Cir. 1988).

Here, plaintiff's motion demonstrates only that he disagrees with the undersigned's dismissal of his prior case.  Plaintiff argues that he should have been allowed an opportunity to conduct discovery before his case was dismissed.  Plaintiff has not made any showing of bias or partiality sufficient to require recusal.  Accordingly, plaintiff's motion for recusal (Doc. 2) is DENIED.

As for the Report and Recommendation, the Magistrate Judge recommended that this action be dismissed because plaintiff failed to comply with her May 8, 2024 Order requiring him to either move for leave to proceed *in forma pauperis* or pay the $405.00 filing fee within fourteen days. Plaintiff objects on the ground that the May 8, 2024 Order and the Report and Recommendation amount to a "threat" against plaintiff and displays bias against him.

The Court finds that plaintiff's objection lacks merit.  The Magistrate Judge properly advised plaintiff of his need to comply with the filing fee requirement, outlined how he could satisfy it, and gave him ample time to comply.  The Magistrate Judge also gave plaintiff fair notice that his failure to comply with the May 8, 2024 Order would result in the dismissal of his case.

Accordingly, plaintiff's objection (Doc. 10) is OVERRULED and the Magistrate Judge's Report and Recommendation (Doc. 7) is ADOPTED.  Plaintiff's motion for an accounting (Doc. 14) is DENIED AS MOOT.  This action is hereby DISMISSED under Rule 41(b) for failure to prosecute.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 2, 2024